Juan M. Tellado, Plaintiff, Appellee, and Appellant, v. The San Juan Fruit Company, Defendant, Appellant, and Appellee.

No. 6388. Argued February 8, 1933.—Decided July 24, 1935.

*E. H. F. Dottin* for appellant-appellee. *Angel A. Vázquez* for appellee-appellant.

Mr. Justice Aldrey delivered the opinion of the court.

Juan M. Tellado brought an action in the District Court of San Juan against The San Juan Fruit Company, a corporation, to annul a summary foreclosure proceeding instituted against the plaintiff. After a trial, the court held the summary foreclosure null and void, and the defendant took this appeal. The plaintiff also appealed from certain parts of the judgment.

The defendant, The San Juan Fruit Company, maintained in the lower court, and on appeal raises the question in the first error assigned, that the complaint does not allege facts sufficient to constitute a cause of action.

The substantial facts of the complaint are that on August 4, 1926, the corporation The San Juan Fruit Company filed a complaint in the District Court of San Juan, in a summary foreclosure proceeding against Roberto Quintero and his wife to collect $16,000 principal, interest, and $1,500 for expenses, costs, and attorney's fees, which sums the defendants had secured by a mortgage on a parcel with two houses in the ward of Santurce of this city, registered in the registry of property in favor of the foreclosing corporation. The certificate of the registrar which accompanied the complaint

showed the parcel to be registered in the name of the Quinteros. On August 4, 1926, the court ordered that the defendants be required to pay, and a writ demanding payment was served on them. The Quinteros had sold this parcel to Juan M. Tellado on February 24, 1926, but the deed of this sale was not recorded in the registry of property until August 23, 1926. On September 17 of the same year, the mortgagee filed a motion to make Juan M. Tellado a party defendant in the proceeding because he was the owner of the parcel at the time, and on September 22 the court ordered that the plaintiff in this action be included as a defendant and that payment of the amounts claimed in the said proceeding be demanded of him, and a writ to this effect was served on him on September 26, 1926. The parcel was sold at public auction for failure to pay, and bought in by the mortgagee, on whose name it was recorded in the registry of property.

After stating those facts, the complaint alleges that the said proceeding is null and void for the following reasons: (*a*) because when the writ of August 4, 1926, was issued demanding payment from the Quinteros, the court was in vacation; (*b*) because the order of September 22 directing the inclusion of Tellado as a defendant and the service on him of a writ demanding payment was issued upon a motion which was not accompanied by a certificate of the registrar of property showing that the mortgage lien had not been canceled and was not pending cancellation or by a certificate showing the record in the name of Tellado; (*c*) because the mortgagee failed to affix the internal revenue stamp required by law to the final order in that proceeding; (*d*) because the order of sale was the consequence of two writs demanding payment which were null and void, as the payment of $1,500 for expenses, costs and attorney's fees was ordered without a memorandum of costs having been filed; (*e*) because the writ of execution was the result of two writs demanding payment which were null and void and of an order of sale also null and void.

The complaint contains further allegations with respect to what the farm has produced since it was sold to the foreclosing mortgagee.

██ The parties agree that, according to the case of *Banco de Puerto Rico* v. *The District Court,* 11 P.R.R. 313, the order of the lower court on August 4, 1926, ordering the service of a writ demanding payment from the Quinteros, is null and void because it was issued in vacation. But this does not determine that the other steps in the proceeding are null, since the proceeding was not continued against the Quinteros. The original defendants were substituted by Tellado when he recorded his purchase some time after the foreclosure proceeding was begun; and the order requiring him to pay the debt secured by mortgage on the parcel that he bought was issued in September, after the vacation of the court had ended, as the parties agree. According to section 129 of the Mortgage Law, if, before the creditor shall enforce his claim against the mortgaged estate, the property should pass into the hands of a third possessor, all proceedings prescribed in the foregoing section shall be directed against him, as the person subrogated to the rights of the debtor. This was what was done in this case, and there was no need of a new certificate of the registrar showing that the mortgage had not been canceled, because this had been shown at the beginning of the proceeding, and because a new certificate is required by the provisions of section 172 of the Regulations for the Execution of the Mortgage Law only when the proceeding has been suspended for more than six months; nor is a certificate of the record in the name of Tellado required, because he does not deny that the record exists.

██ The fact that a certain internal revenue stamp has not been canceled in the foreclosure suit, as an *ex parte* proceeding, is not important, because, aside from the fact that such a suit is not really an *ex parte* proceeding, since there is a party defendant who may allege certain defenses, we have already decided in the case of *Córdova Montes et al.* v.

*Baquero,* 47 P.R.R. 103, that an irregularity of this sort does not produce nullity *per se.* In that case this defect was alleged as a ground for annulling a mortgage foreclosure proceeding, the district court rendered judgment for the defendant, and we affirmed the judgment.

██ The claim of $1,500 agreed upon in the mortgage contract for costs, expenses, and attorney's fees need not be submitted for approval in a memorandum of costs, as we have held in the cases of *Arsuaga* v. *District Court,* 43 P.R.R. 958, and *Gutiérrez* v. *Longpré,* 44 P.R.R. 643.

The demurrer filed by the defendant was proper and should have been sustained.

In view of the conclusion which we have reached, it is not necessary to consider the appeal of the plaintiff Tellado.

The judgment appealed from must be reversed and another rendered instead for the defendant, without costs.

Mr. Justice Córdova Dávila took no part in the decision of this case.